IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JOHNNY COWAN, #272014,            )
                                  )
    Plaintiff,                    )
                                  )
    v.                            )  CIVIL ACTION NO. 3:12-CV-898-TMH
                                  )              [WO]
                                  )
ATTORNEY ALBERT BULLS, III,       )
                                  )
    Defendant.                    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Johnny Cowan ["Cowan"], an indigent state inmate, presents claims against Albert Bulls, III ["Bulls"], the attorney who represented him in criminal proceedings before the Circuit Court of Macon County, Alabama, which resulted in his entry of a guilty plea to murder. Cowan seeks monetary damages and requests that his "guilty plea [be] rescinded ... [so] that [he] may get a fair trial...." *Complaint - Doc. No. 1* at 7.

Upon review of the complaint and in accordance with applicable federal law, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] The court granted Cowan leave to proceed *in forma pauperis* in this civil action. *Order of October 17, 2012 - Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

### A.  Attorney Bulls

Cowan complains that Bulls violated state rules in collecting a fee from him for representation undertaken in the murder case before the Circuit Court of Macon County, Alabama, and deprived him of effective assistance during the criminal proceedings in violation of his constitutional rights.  Specifically, Cowan alleges that Bulls collected a fee of $7500 from him for services rendered without a signed Attorney/Client fee contract. *Complaint - Doc. No. 1* at 5.  Specifically, Cowan maintains that collection of this fee violated the provisions of Rule 1.5(a)(8)-(9) of the Alabama Rules of Professional Conduct.  *Id*. at 5-6 ("A lawyer shall not enter into an agreement for, or charge, or collect a clearly excessive fee.  In determining whether a fee is excessive the [relevant] factors ... are ... whether the fee is fixed or contingent; and whether there is a written fee agreement signed by the client....  Whereto the Rules (8) and (9) is ... the basis of this law suit [as neither he nor any family member] ... signed a Lawyer/Client contract for hire....").  Cowan further contends that Bulls improperly collected this fee after having been appointed by the trial court to represent Cowan in the murder case.  *Id*. at 6.[2]  Cowan maintains that he has suffered severe emotional and mental duress resulting in serious medical issues as a

---

[2] The exhibits attached to the complaint, including copies of the Fee Contract for Representation in a Criminal Case and a letter from Bulls to the Alabama State Bar Disciplinary Commission, indicate that Cowan did not sign the fee contract and that Bulls "was never appointed by the [state court] to represent [Cowan], [Bulls] never submitted an Indigent Fee Declaration to the State Comptroller and ... was never paid by the State of Alabama to represent Mr. Cowan."  *Plaintiff's Exhibit 1 - Doc. No. 1-1* at 1-3.

consequence of the fee collection undertaken by Bulls. *Id*. at 6-7. Cowan further challenges the adequacy of the representation provided by Bulls during his state criminal proceedings. *Id*. at 7 (Bulls "strok[ed] my ego telling me ... that I would get a sentence of 5 yrs split 2 yrs [to serve] but instead I received a sentence of 20 years mandatory.").

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.... [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)).... [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985 (footnote omitted) (emphasis in original).

The law is well settled that an attorney who represents an accused in criminal

proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Cowan complains was not committed by a person acting under color of state law, the claims asserted against defendant Bulls are frivolous, as such claims lack an arguable basis in law. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3] In light of the foregoing, the court concludes that the plaintiff's 42 U.S.C. § 1983 claims against defendant Bulls are due to be summarily dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).

## B. The Challenge to Plaintiff's Conviction

In the instant complaint, Cowan presents a claim which attacks the constitutionality of the assistance provided to him by counsel in a state criminal proceeding – i.e., counsel allegedly furnished inappropriate advice regarding the sentence which would be imposed. To the extent that the complaint sets forth a claim challenging the validity of the plaintiff's conviction and sentence imposed upon him by the Circuit Court of Macon County, Alabama, this claim presently provides no basis for relief in this cause of action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

---

[3]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  512 U.S. at 487.  The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  512 U.S. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment."  *Id.* at 645.  The Court reiterated the position previously taken in *Heck* that the "sole remedy in

5

federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The ineffective assistance of counsel claim raised in the instant complaint implicates the constitutionality of a conviction and resulting sentence imposed on Cowan by the Circuit Court of Macon County, Alabama. A judgment in favor of Cowan on this claim would necessarily imply the invalidity of this conviction and sentence. It is clear from the complaint that the conviction and sentence from which Cowan's claim arises have not been invalidated in appropriate proceedings. Consequently, any collateral attack under § 1983 on the conviction and sentence imposed upon Cowan is prohibited and subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok* 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.

### C. Supplemental Jurisdiction

To the extent that Cowan seeks relief from this court on a pendent state law claim arising from his fee payment, he is entitled to no relief. Review of pendent state law claims is only appropriate upon exercise of this court's supplemental jurisdiction over a related constitutional claim. In the posture of this case, however, the court concludes that the exercise of supplemental jurisdiction is inappropriate.

Two factors determine whether state law claims lacking an independent

> federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb,* 635 F.2d 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See generally* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3567 pp. 443-47 (1975).

*L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is completely discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428. In view of this court's resolution of the federal claims presented by Cowan, any pendent state claim is due to be dismissed. *Gibbs*, 383 U.S. at 726 (if the federal claim from which the state claim arises is dismissed prior to trial, the state claim should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

### III. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. To the extent that the plaintiff seeks relief under 42 U.S.C. § 1983, the claims against defendant Bulls be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. To the extent that the complaint contains a claim which challenges the constitutionality of a conviction and sentence imposed upon the plaintiff by the Circuit Court of Macon County, Alabama, the claim be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as this claim is not properly before the court at this time.

3. The plaintiff's pendent state law claim be dismissed, as the court deems it inappropriate to exercise supplemental jurisdiction over this claim.

4. This case be summarily dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before November 13, 2012, the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 30th day of October, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE